LEWIS, Ch. J. I cannot concur in the opinion of the court. It is rather too much to say, the communication to the underwriter must be in the very express words in which the assured has received it. The information was such as to give the defendant reason to think the risk was increased. It comprehended, in my opinion, every thing that was necessary. It is sufficient, in cases like the present, that the insurer has a substantial communication.

Judgment for the defendant.

---

## THE PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY *against* MILLER.

To a plea of a judgment recovered, a replication denying the fact, may conclude to the country. A plea merely negativing facts is not a special plea.[1]

THIS was an action on a promissory not in which the plaintiff had duly appeared by attorney, and the defendant

[1] As to pleading of judgments, see Code of Procedure, § 161, (sec 138,) p. 66.

pleaded a judgment recovered. To this the plaintiffs replied; but in their replication began, "And the said Pre sident and Directors of the "Manhattan Company say," &c. without mentioning by attorney, and so went on negativing the whole plea, without having their replication signed by counsel, concluding to the country,(a) and adding the *similiter*, on which they went to trial and took an inquest.

*Woods*, on an affidavit stating these facts, moved to set the inquest aside for irregularity.

*Bogert*, contra. The replication is in the usual form. It is a mere negation of the plea, without alleging any new fact, and therefore not a special pleading.(b) Besides, the name of a counsel is endorsed on the back.

   *Per Curiam.* There was no occasion for a coun-
[\*61] sel's hand; \*unquestionably the plea is not special.
  If it was, there is the name of counsel endorsed. Besides, had it been so, it ought not to have been retained. Let the defendant take nothing by his motion, and pay the costs of resisting the application.(c)[1]

Motion denied with costs.

(a) See *Sandford* v. *Rogers*, 2 Wils. 113; 2 Tidd's Prac. 673; see also *Esplin* v. *Smallet*, Say. 208.

(b) Therefore, to a plea of payment to the payee of a note before endorsement to the plaintiff, a general replication denying the payment is not a special plea, and does not require the signature of counsel. *Pumpelly* v. *Crosby*, 3 Johns. Rep. 322. But to double pleas a counsel's hand is required. *Satterlee* v. *Satterlee*, ibid. 327.

(c) The general rules are, that where a defendant cannot, without a departure, vary in his rejoinder from the matter set forth in his plea, or when the issue on the replication would be the same as that on the plea; or that on the rejoinder substantially the same as that on the plea; (*Patcher* v. *Sprague*,

[1] As to present practice, see Code, § 150. The defendant must demur to the reply, if the reply is objectionable, or move to strike out, &c. See decisions, *passim*.

2 Johns. Rep. 462,) or where there is an affirmative on the one side, and a negative on the other, or where the replication denies the whole matter of fact, which constitutes the plea, or the plea puts in issue matter of fact, as well as matter of record, the conclusion of the plaintiff's reply should be to the country. See the learned observations of Williams, Serjeant, in *Hayman* v. *Gerrard*, 1 Saund. 103 n. (1)